Pfeifer, J.,
dissenting.
*562 Bricker & Eekler, L.L.P., Nicholas A. Pittner, James J. Hughes III, Jennifer A. Flint, and Allen Shaffer, for appellee.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor General, Stephen P. Carney, Deputy Solicitor, and Todd R. Marti and Jason Patrick Small, Assistant Solicitors, for appellants.
{¶ 25} I would affirm the judgment of the court of appeals. Yes, “organization” is a rather general term, but it appears in R.C. 2335.39(A)(2)(d) among a list of words describing voluntarily created business enterprises. In contrast, a local board of education is a statutorily created political subdivision. In regard to governmental entities, R.C. 2335.39(A)(2)(a) excludes only “[t]he state.” R.C. 2335.39(A)(2)(a) would have been the logical place to list other political subdivisions that were also excluded from an award of fees. Moreover, R.C. 2335.39(A)(2)(c) also refers to an “organization” but speaks in terms of net worth and possible tax-exempt status under the Internal Revenue Code. It’s not talking about school boards.
{¶ 26} A board of education simply does not fit as an R.C. 2335.39(A)(2)(d) exclusion. And if it doesn’t fit, we must omit.